United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   ABLE BUILDING MAINTENANCE CO.,          No. C 03-03958 CRB

12              Plaintiff,                    **ORDER**

13        v.

14   BOARD OF TRUSTEES OF GENERAL
     EMPLOYEES TRUST FUND, et al.,
15
                Defendants.
16   _____/

17

18        Now pending before the Court for decision are the following: (1) the motion of Able

19   Building Maintenance Company ("Able") to recall the writ of execution; (2) Able's motion

20   to stay judgment pending petition for certiorari; and (3) the motion of the Board of Trustees

21   defendants (the "Trust Fund") for attorneys' fees and costs.  After carefully considering the

22   papers filed by the parties, the Court concludes that oral argument is unnecessary, see Local

23   Rule 7-1(b), and rules as set forth below.

24        Able's motion to recall the writ of execution is DENIED as moot.

25        Able's motion to stay the judgment is DENIED.  Able has not submitted evidence that

26   it filed a petition for certiorari by the deadline; in any event, even if it filed, the Court is not

27   persuaded that there is a reasonable probability that certiorari will be granted.  See Barnes v.

28   E-Systems, 501 U.S. 1301, 1302 (1991).  Nor has Able demonstrated irreparable harm.  See

United States District Court

For the Northern District of California

1    id.

2           The Trust Fund's motion for attorneys' fees and costs is GRANTED.  There is no

3    dispute that the Trust Fund is entitled to attorneys' fees and costs incurred in recovering the

4    delinquent contributions; the disputed issue is whether it is also entitled to attorneys' fees and

5    costs incurred in recovering losses it suffered as a result of Able's improper contributions.

6    The Trust Fund contends that it is entitled to such fees and costs pursuant to Section 8.8 of

7    the Indentured Trust Agreement.

8           Section 8.8 sets forth the employer's liability for failure to make contributions.  It

9    provides that "any employer who fails to make his required contributions prior to

10   delinquency shall be liable" to the Trust Fund for the full amount of the contributions, plus

11   interest as set forth in the agreement.  (Indentured Trust Agreement at 19).  The next

12   paragraph provides:

13           In addition to the foregoing, the employer shall be liable for all court costs,
             arbitration costs, collection costs and fees and attorneys' fees incurred by the
14           trust in collecting such contributions and the amount defined below as
             liquidated damages.
15

16   Id. at 19).  The above provisions demonstrate that section 8.8 is limited to attorneys' fees and

17   costs incurred in collecting "delinquent contributions," that is, the contributions that are

18   identified in the Indentured Trust Agreement.

19          This Court has already ruled that a claim for losses arising from an employer making

20   improper contributions, that is, contributions that should not have been made, is not a claim

21   for "delinquent contributions" within the meaning of sections 7.13 and 8.8 of the Indentured

22   Trust Agreement.  May 4, 2004 Memorandum and Order at 9.  The Ninth Circuit agreed with

23   the Court's interpretation.  Able Building Maintenance Co. v. Board of Trustees of General

24   Employees Trust Fund, 175 Fed.Appx. 118, 2006 WL 897588 *1 (9th Cir. March 31, 2006)

25   ("the district court reasoned correctly that the arbitration permitted by the Trust Indenture, in

26   Section 7.13, does not apply to the part of the dispute that relates to losses incurred by the

27   Trust Fund as a result of 'improper contributions' made by the appellee").  Thus, the plain

28

2

language of the Indentured Trust Agreement does not entitle the Trust Fund to its attorneys' fees and costs incurred in pursuing its claim for losses arising from improper contributions.

The Ninth Circuit, however, also ruled that Able had waived any objection to the arbitrator exercising jurisdiction under section 7.13 over the Trust Fund's claim for losses arising from improper contributions, including an objection that "delinquent contributions" do not include losses arising from improper contributions. Id. at *1-2. Accordingly, the Ninth Circuit directed this Court to confirm the arbitration award "in full." Id. at *2. The award, which has now been confirmed "in full," specifically found that the Trust Fund's losses from improper contributions are "delinquencies" within the meaning of the Indentured Trust Agreement. Arbitration Award at 9, 12. This Court is not aware of any authority that would permit it to disregard an arbitrator's findings made in an arbitration award that has been "confirmed in full." Thus, pursuant to section 8.8, the Trust Fund is entitled to recover all of its attorneys' fees and costs reasonably incurred in recovering its losses from the improper contributions, including those incurred in the district court and appellate proceedings. The Trust Fund's motion for attorneys' fees and costs is therefore GRANTED.

The Trust Fund's failure to raise the waiver issue--the issue upon which the Ninth Circuit based its decision--in this Court or before the Ninth Circuit does not mean that the Trust Fund is not entitled to its attorneys' fees and costs incurred in those proceedings. Nothing is section 8.8 so limits the Trust Fund's recovery; instead, section 8.8 provides that the Trust Fund shall recover all attorneys' fees and costs incurred in collecting delinquent contributions.

The Court will take Able's objections to the amount of attorneys' fees and costs sought by the Trust Fund under submission and issue a ruling on that issue at a later date.

**IT IS SO ORDERED.**

Dated: September 12, 2006

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**

For the Northern District of California